IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2205-D

| | | |
|---|---|---|
| JEAN BERNIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN HOLLAND, | ) | |
| | ) | |
| Respondent. | ) | |

On February 11, 2019, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R"), and recommended granting respondent's motion for summary judgment [D.E. 9] and dismissing Jean Bernier's ("Bernier") 28 U.S.C. § 2241 petition [D.E. 25]. On February 19 and 22, 2019, Bernier filed objections to the M&R [D.E. 26, 27].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct de novo review if a party makes "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the

magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (quotation and emphasis omitted).

Bernier argues that the BOP erred in determining the commencement date of his sentence and that his federal sentence commenced in February 1992. See [D.E. 26] 1–2; [D.E. 27] 1–2. Bernier also contends that the BOP erred in the "nunc pro tunc determination pursuant to 18 U.S.C. § 3621(b)." Id. at 1; see [D.E. 27] 2.

As for Bernier's first objection, New York authorities arrested Bernier on June 26, 1990, for bank robbery. See Johnson Aff. [D.E. 12-1] ¶ 4. During the pendency of Bernier's state charges, federal authorities brought armed robbery and firearm charges against him in the United States District Court for the Southern District of New York. See id. ¶ 5. On July 30, 1990, and on September 14, 1990, the United States Marshals Service took Bernier into temporary custody to permit Bernier to attend preliminary proceedings for his federal charges in the Southern District of New York. See id. ¶¶ 5–6. Bernier eventually proceeded to trial in the Southern District of New York and was found guilty. See Ex. 3 [D.E. 12-4] 2.

On June 11, 1991, the Southern District of New York sentenced Bernier to an aggregate term of 35 years' imprisonment. See Johnson Aff. [D.E. 12-1] ¶ 7; Ex. 3 [D.E. 12-4] 3. After sentencing, the Marshals Service returned Bernier to the primary custody of New York authorities, and lodged a detainer based on the federal judgment. See Ex. 1 [D.E. 12-2]. On January 16, 1992, the Supreme Court of New York County sentenced Bernier to between 12.5 and 25 years' imprisonment on his state charges. See Ex. 4 [D.E. 12-5]. The Supreme Court of New York County ordered Bernier's state sentence to run consecutively to his federal sentence. See id.

On January 28, 1992, New York authorities erroneously transferred Bernier into the physical custody of the Federal Bureau of Prisons ("BOP"). See Johnson Aff. [D.E. 12-1] ¶ 10. From February 1992 until April 2003, the BOP housed Bernier in Lewisberg, Pennsylvania. See id. ¶ 11. On April 18, 2003, after New York and the BOP realized the mistake, the BOP transferred Bernier back to the custody of New York authorities. See id. ¶¶ 12–13. The New York Department of Corrections credited to Bernier's state sentence all of the time that Bernier erroneously spent in the physical custody of the BOP. See Ex. 2, [D.E. 12-3].

On June 18, 2015, after Bernier completed his state sentence, the BOP took custody of Bernier. See Johnson Aff. [D.E. 12-1] ¶ 16; Ex. 8 [D.E. 12-9]. On September 15, 2015, under BOP Program Statement 5160.05, Bernier sought a nunc pro tunc designation of his time spent in state custody. See Johnson Aff. [D.E. 12-1] ¶ 18; Ex. 12 [D.E. 12-13]. On November 2, 2015, the BOP notified Bernier that, after a thorough review of Bernier's case and the relevant factors enumerated in 18 U.S.C. § 3621(b), the BOP decided to grant in part and deny in part his request. See Johnson Aff. [D.E. 12-1] ¶¶ 18–24. Specifically, the BOP permitted Bernier to serve a 10-year portion of his federal sentence that was unrelated to his sentence for violating 18 U.S.C. § 924(c) to run concurrently with his state sentence. See id. However, the BOP denied Bernier's request as to the 25-year consecutive portion of his federal sentence for violating 18 U.S.C. § 924(c). See id. ¶ 23. Accordingly, the BOP determined that Bernier's federal sentence commenced on October 1, 2006, and that his projected release date is March 29, 2037, and not December 14, 2045. See id. ¶¶ 18, 24; Ex. 11 [D.E. 12-12]; Ex. 16 [D.E. 12-17].

As for Bernier's objection concerning the date on which his federal sentence commenced, New York retained primary custody of Bernier between January 28, 1992, and April 18, 2003. See United States v. Cole, 416 F.3d 894, 896–97 (8th Cir. 2005); Thomas v. Deboo, No. 2:09cv134, 2010 WL 1440465, at *4 (N.D. W. Va. Mar. 8, 2010) (erroneous

3

designation to a federal facility does not operate to commence a defendant's federal sentence or waive a state's primary jurisdiction), report and recommendation adopted, 2010 WL 1440693 (N.D. W. Va. Apr. 8, 2010), aff'd, 403 F. App'x 843 (4th Cir. 2010) (per curiam) (unpublished). Bernier's erroneous transfer to the physical custody of the BOP did not transfer primary jurisdiction. See, e.g., Thomas, 403 F. App'x at 843; Yeary v. Masters, No. 1:14-19114, 2016 WL 5852865, at *3–5 (S.D. W. Va. Sept. 30, 2016) (unpublished) (collecting cases); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) ("[F]ederal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). Moreover, New York has credited this time against Bernier's state sentence, and it cannot be credited against his federal sentence. See 18 U.S.C. § 3585(b); Rash v. Stansberry, No. 3:10CV836-HEH, 2011 WL 2982216, at *4 (E.D. Va. July 22, 2011), aff'd, 460 F. App'x 201 (4th Cir. 2011) (per curiam) (unpublished); Neal v. Drew, No. 2:09-0244-PMD-RSC, 2009 WL 6254710, at *4 (D.S.C. Nov. 5, 2009), adopted by, 2010 WL 1254873 (D.S.C. Mar. 23, 2010). Accordingly, the court overrules Bernier's first objection.

Bernier also argues that the BOP erred in partially denying his request for a nunc pro tunc designation. See, e.g., [D.E. 27] 6. The BOP may apply a nunc pro tunc designation if the BOP designates a non-federal facility as the place of confinement for a prisoner's federal sentence when, at the time of the prisoner's federal sentencing, the prisoner was in custody at a non-federal facility. See Barden v. Keohane, 921 F.2d 476, 481–82 (3d Cir. 1990); see also Evans, 159 F.3d at 911–12. The factors relevant to the BOP's determination are codified at 18 U.S.C. § 3621(b). The BOP has "broad discretion" in reviewing requests for nunc pro tunc designation. Barden, 921 F.2d at 478, 481–82; see Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005). The BOP fully considered the section 3621(b) factors, including the view of the federal court that sentenced Bernier, and did not abuse its discretion by partially denying

4

Bernier's request. See Johnson Aff. [D.E. 12-1] ¶¶ 19–23; Exs. 12–15 [D.E. 12-16].

In sum, the court OVERRULES Bernier's objections [D.E. 26, 27], ADOPTS the conclusions in the M&R [D.E. 25], GRANTS respondent's motion for summary judgment [D.E. 9], and DISMISSES Bernier's petition. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 28 day of February 2019.

JAMES C. DEVER III
United States District Judge